3/25/2026 4:49 PM
26CV14465

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MATTHEW THOMAS O'CONNELL,

*Plaintiffs*,

v.

CITY OF PORTLAND; PPB OFFICER JOSEPH BERNARD; PPB OFFICER NATHAN KIRBY-GLATKOWSKI; PPB SGT. JOHN EDWARDS; and PPB CAPTAIN JACOB JENSEN,

*Defendants.*

Case No. _____

**Complaint**

(Civil Rights Claims Pursuant to 42 U.S.C. § 1983, including under the First, Fourth, Fifth, Fourteenth Amendments and *Monell v. New York City Dep't of Social Servs.*, 436 US 658 (1978); Assault and Battery; False Arrest; Malicious Prosecution)

**(Claim for $1,500,000 – Not Subject to Mandatory Arbitration)**

Filing Fee $884 per ORS 21.160(1)(d)

**Jury Trial Demanded**

Plaintiff, as and for his complaint, alleges as follows:

**THE PARTIES**

1.      Plaintiff is a natural person and a resident of the state of Oregon.  At all relevant times, plaintiff was a student at Portland State University.

2.      Defendant City of Portland (the "City") is a city located in Oregon.

3.      Defendant Joseph Bernard is a natural person and a resident of Oregon.  At all

Thomas Freedman, OSB No. 080697
838 SW 1st Ave Suite 400, Portland, OR  97204
503.295.6296 | thomas@prllaw.com

Page 1 of 14
Complaint

**Exhibit 2
Page 1 of 14**

relevant times, defendant Joseph Bernard was an Officer with Portland Police Bureau ("PPB") (DPPST 53468) and was acting under color of state law. Defendant Bernard is sued in his individual capacity.

4.    Defendant Nathan Kirby-Glatkowski is a natural person and a resident of Oregon. At all relevant times, defendant Kirby-Glatkowski was an Officer with PPB (DPPST 56629) and was acting under color of state law. Defendant Kirby-Glatkowski is sued in his individual capacity.

5.    Defendant John Edwards is a natural person and a resident of Oregon. At all relevant times, defendant Edwards was a Sargeant with PPB (DPPST 32391) and was acting under color of state law. Defendant Edwards is sued in his individual capacity.

6.    Defendant Jacob Jensen is a natural person and a resident of Oregon. At all relevant times, defendant Jensen was a Captain with PPB (DPPST 4394), was the Incident Commander for the events at issue, and was acting under color of state law. Defendant Jensen is sued in his individual capacity.

7.    The defendants in paragraphs three through six are collectively referred to as the "Individual Defendants."

8.    Plaintiff has complied with all applicable notice and statutory requirements of the Oregon Tort Claims Act.

### FACTUAL ALLEGATIONS

9.    On May 2, 2024, plaintiff attended a peaceful political protest in support of Palestine near the Portland State University campus.

10.    The protest took place in the South Park Blocks on public property during

Thomas Freedman, OSB No. 080697
838 SW 1st Ave Suite 400, Portland, OR 97204
503.295.6296 | thomas@prllaw.com

Page 2 of 14
Complaint

**Exhibit 2**
**Page 2 of 14**

hours when the park was open to the public.

11.    During the protest, plaintiff exercised his rights under the First Amendment and Article I, section 8 of the Oregon Constitution.

12.    At all relevant times, plaintiff was non-violent, passive, and exercising his constitutionally protected rights to free expression, speech, petition, political protest, and passive resistance.

13.    At all relevant times, plaintiff was in the South Park Blocks on public property during hours that were open to the public.

14.    Defendants unlawfully removed plaintiff and other peaceful protesters from the South Park Blocks.

15.    Defendants subjected plaintiff to excessive force, including unlawfully and unreasonably tackling and assaulting plaintiff, throwing him to the ground, kneeing him, and dragging him out of the South Park Blocks, and causing a concussion and other injuries to plaintiff.

16.    Defendants also falsely detained, arrested and imprisoned plaintiff, and maliciously prosecuted him on false charges.

17.    The City recorded extensive videos of the incident, including pole cam videos.

18.    The City intentionally withheld and buried the videos of the incident, including videos of plaintiff's false arrest and defendants' use of excessive force.

19.    Defendants failed to document force and made other false statements and critical omissions in their reports.

20.    Based on defendants' false allegations and cover up, plaintiff was prosecuted

Thomas Freedman, OSB No. 080697
838 SW 1st Ave Suite 400, Portland, OR  97204
503.295.6296 | thomas@prllaw.com

Page 3 of 14
Complaint

Exhibit 2
Page 3 of 14

by the State of Oregon in Multnomah County Circuit Court on three misdemeanor counts: (i) interfering with a peace officer, (ii) criminal trespass in the second degree; and (iii) harassment.

21.     Defendants withheld the exculpatory videos throughout the nine-month pendency of plaintiff's criminal case and repeatedly obfuscated the existence of the videos.

22.     Plaintiff finally discovered the exculpatory video footage only after subpoenaing materials from the City concerning an Independent Police Review claim he filed.

23.     Defendant finally received the exculpatory videos on January 9, 2025, two business days before his criminal trial.

24.     After reviewing the videos, the State of Oregon moved to dismiss count one (interfering with a peace officer) and count three (harassment).  The court granted the state's motion and dismissed counts one and three on January 13, 2025.

25.     The state proceeded to trial on count two (criminal trespass).

26.     During the jury trial, at least one of the defendants provided false testimony against plaintiff.

27.     On January 14, 2025, the court granted plaintiff's motion for judgment of acquittal and acquitted plaintiff of count two.

28.     Thus, all criminal counts against plaintiff were dismissed.

29.     As a direct, proximate and foreseeable result of defendants' unlawful conduct, plaintiff suffered deprivation of his constitutional rights, injury, harm, pain and suffering, and compensable economic and noneconomic damages.

30.     At all relevant times, defendants' conduct was malicious, willful, wanton,

Thomas Freedman, OSB No. 080697
838 SW 1st Ave Suite 400, Portland, OR  97204
503.295.6296 | thomas@prllaw.com

Page 4 of 14
Complaint

Exhibit 2
Page 4 of 14

egregious and/or reckless.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 – Excessive Force – 4th and 14th Amendments)
### (Against Individual Defendants Bernard, Kirby-Glatkowski, and Edwards, in Their Individual Capacities)

31.    Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

32.    As set forth with particularity above, defendants Bernard, Kirby-Glatkowski, and Edwards used excessive and unreasonable force under the circumstances against plaintiff in violation of his 4th Amendment rights to be secure in his person.

33.    As a direct, proximate and foreseeable result of defendant Bernard's, Kirby-Glatkowski's, and Edwards' conduct, plaintiff suffered deprivation of his constitutional rights, injuries, harm, pain and suffering, and compensable economic and noneconomic damages.

34.    In addition, plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION
### (Assault and Battery – Common Law)
### (Against the City of Portland)

35.    Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

36.    Defendants engaged in intentional attempts to do violence to the person of plaintiff, coupled with the present ability to carry the intentions into effect.

37.    Defendants engaged in voluntary acts that caused intentionally harmful and offensive contact with plaintiff, including tackling him, throwing him to the ground, kneeing the back of his head, dragging him across the ground, and other acts of force, violence and

Thomas Freedman, OSB No. 080697
838 SW 1st Ave Suite 400, Portland, OR  97204
503.295.6296 | thomas@prllaw.com

Page 5 of 14
Complaint

**Exhibit 2
Page 5 of 14**

intimidation.

38.    As a direct, proximate and foreseeable result of defendants' conduct, plaintiff suffered deprivation of his constitutional rights, injury, harm, pain and suffering, and compensable economic and noneconomic damages.

### THIRD CAUSE OF ACTION
**(42 U.S.C. § 1983 – Unlawful Seizure/False Arrest - 4th and 14th Amendments)**
**(Against Individual Defendants Bernard, Kirby-Glatkowski,**
**and Edwards, in Their Individual Capacities)**

39.    Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

40.    Defendants Bernard, Kirby-Glatkowski, and Edward**s**, by their actions set forth herein, falsely arrested, detained and/or seized plaintiff without probable cause or reasonable suspicion.

41.    Defendant Bernard's, Kirby-Glatkowski's, and Edwards' acts and omissions deprived plaintiff of his liberty interest in freedom and being free from unlawful seizures.

42.    As a direct, proximate and foreseeable result of defendants Bernard's, Kirby-Glatkowski's, and Edward**s**' malicious, wanton, willful and reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

43.    In addition, plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

### FOURTH CAUSE OF ACTION
**(False Arrest and Imprisonment – Common Law)**
**(Against City of Portland)**

44.    Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporate the same by reference as if fully set forth herein.

Thomas Freedman, OSB No. 080697
838 SW 1st Ave Suite 400, Portland, OR  97204
503.295.6296 | thomas@prllaw.com

**Exhibit 2**
**Page 6 of 14**

45.    Defendants wrongfully arrested and confined plaintiff.

46.    Defendants intended the acts that caused the arrest and confinement.

47.    Plaintiff was aware of the arrest and confinement.

48.    The arrest and confinement were unlawful under Oregon law and not privileged.

49.    As a direct, proximate and foreseeable result of defendants' malicious, wanton, willful and reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

## FIFTH CAUSE OF ACTION
### (42 U.S.C. § 1983:  Denial of Right to Speech, Assembly and Petition – 1st and 14th Amendments) (Against the Individual Defendants, in Their Individual Capacities)

50.    Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

51.    At all relevant times, plaintiff was exercising his constitutionally-protected First Amendment rights to freedom of speech, assembly, petition, and political expression.

52.    Incident Commander Jensen unlawfully ordered plaintiff to be removed from the South Park Blocks in violation of his First Amendment rights.

53.    The Individual Defendants unlawfully interfered with and deprived plaintiff of his First Amendment rights by unlawfully removing plaintiff from the South Park Blocks, and by wrongfully arresting, detaining and abusing plaintiff for his speech-related activities.

54.    The Individual Defendants unlawfully punished, arrested, abused, harassed and used excessive force upon plaintiff due to the exercise of his rights to free speech, expression, assembly, petition, political protest, and passive resistance, which was the substantial

Thomas Freedman, OSB No. 080697
838 SW 1st Ave Suite 400, Portland, OR  97204
503.295.6296 | thomas@prllaw.com

Page 7 of 14
Complaint

**Exhibit 2
Page 7 of 14**

motivating factor behind their unlawful conduct.

55.     As a direct, proximate and foreseeable result of the Individual Defendants' malicious, wanton, willful and reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

56.     In addition, plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

### SIXTH CAUSE OF ACTION
**(42 U.S.C. § 1983 – Malicious Prosecution – 4th, 5th and/or 14th Amendments)**
**(Against Individual Defendants Bernard, Kirby-Glatkowski,**
**and Edwards, in their Individual Capacities)**

57.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

58.     As set forth with particularity above, Defendants Bernard, Kirby-Glatkowski, and Edwards had an active role in initiating and/or continuing unfounded criminal proceedings against plaintiff, including referring the case for prosecution to the Multnomah County District Attorney's Office.

59.     Defendants Bernard, Kirby-Glatkowski, and Edwards knowingly provided misinformation, concealed exculpatory evidence, and otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings against plaintiff.

60.     Defendants Bernard, Kirby-Glatkowski, and Edwards falsified their police reports by falsely accusing plaintiff of violent acts and omitted their own unlawful use of force and other material matters.

61.     At least one of the Individual Defendants testified falsely at plaintiff's criminal jury trial.

Thomas Freedman, OSB No. 080697
838 SW 1st Ave Suite 400, Portland, OR  97204
503.295.6296 | thomas@prllaw.com

Page 8 of 14
Complaint

**Exhibit 2**
**Page 8 of 14**

62. Defendants Bernard, Kirby-Glatkowski, and Edwards had numerous opportunities to correct the false and fabricated evidence, and never did so.

63. The criminal proceedings terminated in plaintiff's favor.

64. Defendants Bernard, Kirby-Glatkowski, and Edwards lacked probable cause at all relevant times.

65. Defendants Bernard, Kirby-Glatkowski, and Edwards acted with malice.

66. Defendants Bernard, Kirby-Glatkowski, and Edwards intended to subject plaintiff to criminal charges based on fabricated evidence, and intended to subject plaintiff to a denial of constitutional rights under the Fourth, Fifth, and Fourteenth Amendments.

67. As a direct, proximate and foreseeable result of Defendant Bernard's, Kirby-Glatkowski's, and Edwards' malicious, willful or reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

68. In addition, plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

### SEVENTH CAUSE OF ACTION
**(Malicious Prosecution – Common Law)**
**(Against City of Portland)**

69. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporate the same by reference as if fully set forth herein.

70. As set forth with particularity above, defendants had an active role in initiating and/or continuing unfounded criminal proceedings against plaintiff.

71. Defendants knowingly provided misinformation, concealed exculpatory evidence, and otherwise engaged in wrongful or bad faith conduct that was actively

Thomas Freedman, OSB No. 080697
838 SW 1st Ave Suite 400, Portland, OR 97204
503.295.6296 | thomas@prllaw.com

Page 9 of 14
Complaint

**Exhibit 2**
**Page 9 of 14**

instrumental in causing the initiation and continuation of legal proceedings against plaintiff.

72.     Defendants wrote false police reports, withheld exculpatory evidence, and testified falsely at plaintiff's criminal trial.

73.     Defendants had numerous opportunities to correct the false and fabricated evidence, and never did so.

74.     The criminal proceedings terminated in plaintiff's favor.

75.     Defendants lacked probable cause at all relevant times.

76.     Defendants acted with malice.

77.     Defendants intended to subject plaintiff to criminal charges based on fabricated evidence.

78.     As a direct, proximate and foreseeable result of defendants' malicious, willful or reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

## EIGHTH CAUSE OF ACTION
### (42 U.S.C. § 1983 -- Destruction of Evidence, Obstruction of Justice, and Official Misconduct -- 14th Amendment:  Substantive Due Process)
### (Against the Individual Defendants, in Their Individual Capacities)

79.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

80.     As set forth with particularity above, the Individual Defendants engaged in unlawful acts and omissions that caused critical evidence (exculpatory videos) in plaintiff's criminal case to be withheld and covered up during plaintiff's criminal case.

81.     The Individual Defendants wrote false police reports and one or more Individual Defendants testified falsely at defendant's criminal trial and Independent Police

Thomas Freedman, OSB No. 080697
838 SW 1st Ave Suite 400, Portland, OR  97204
503.295.6296 | thomas@prllaw.com

Review hearings.

82.    The Individual Defendants unlawfully and repeatedly obstructed plaintiff's defense team from reviewing the exculpatory videos and unlawfully impeded his defense.

83.    The Individual Defendant's unlawful conduct under the circumstances violated plaintiff's right to substantive due process under the Fourteenth Amendment, and deprived him of significant liberty and other constitutionally-protected interests.

84.    As a direct, proximate and foreseeable result of the Individual Defendant's unlawful conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

85.    In addition, plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

### NINTH CAUSE OF ACTION
**(42 U.S.C. § 1983 -- *Monell* Claims)**
**(Against City of Portland)**

86.    Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

87.    At all relevant times, the City adopted one or more policies, customs or practices whereby the City routinely withheld material exculpatory evidence from plaintiff and other protestors.

88.    As part of the policy, the City filmed protests with pole cameras, provided the video to City officials to defend against lawsuits, maintained the video in secrecy, and refused or failed to provide the videos to the district attorney's office or defendants charged with crimes during the protests.

89.    Under the City's policies, customs and practices, the City unlawfully withheld,

Thomas Freedman, OSB No. 080697
838 SW 1st Ave Suite 400, Portland, OR  97204
503.295.6296 | thomas@prllaw.com

Page 11 of 14
Complaint

**Exhibit 2**
**Page 11 of 14**

suppressed, or destroyed exculpatory evidence from numerous protestors who were peacefully exercising their rights to free speech under the First Amendment.

90.    In addition, at all relevant times, the City adopted one or more policies, customs or practices whereby the City unlawfully shut down peaceful political protests and demonstrations with unnecessary force and without a lawful basis.

91.    Under the City's policies, customs and practices, the City unlawfully interfered with and suppressed the First Amendment rights of protestors and demonstrators, including plaintiff.

92.    The City's policies, customs and practices violated the Fifth and Fourteenth Amendments (substantive and procedural due process); the First Amendment; Article I, Section 8 of the Oregon Constitution; well-settled case law from the 9th Circuit and Oregon state courts; Oregon statutes, regulations and administrative rules; and other clearly-established law.

93.    At all relevant times, the County enforced its policies, customs and practices indiscriminately, capriciously, unevenly, unfairly, and more strictly than as written, and more broadly and vaguely than is allowed under the First Amendment, 9th Circuit and Oregon state case law, the Oregon Constitution, Oregon statutes and administrative rules, and other well-established authority.

94.    At all relevant times, the County failed or refused to adequately train its officers, including the Individual Defendants, concerning its unlawful policies, customs and practices regarding burying videos, shutting down protests and demonstrations, and enforcing the same.

Thomas Freedman, OSB No. 080697
838 SW 1st Ave Suite 400, Portland, OR 97204
503.295.6296 | thomas@prllaw.com

Page 12 of 14
Complaint

**Exhibit 2**
**Page 12 of 14**

95.     At all relevant times, the City deliberately or consciously disregarded plaintiff's (and others) federally-protected rights under the First, Fifth and Fourteenth Amendments.

96.     At all relevant times, as a matter of both policy and practice, the City directly encouraged and is thereby the moving force behind the very type of misconduct at issue herein by failing to adequately train, supervise and control its officers and employees.

97.     At all relevant times, the City allowed and/or encouraged its supervisors and employees to enforce, implement, pursue and actively administer its unlawful and unconstitutional policies, customs and practices.

98.     As a direct, proximate and foreseeable result of the execution of the City's policies, customs or practices, plaintiff suffered extensive deprivation of constitutional rights – including under the First, Fifth and Fourteenth Amendments – and injury, harm, and compensable economic and noneconomic damages.

99.     In addition, plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

## JURY DEMAND

100.    Plaintiff demands a trial by jury on all claims so triable.

**WHEREFORE**, plaintiff demands judgment against defendants as follows:

(i)     on all causes of action, awarding plaintiff compensatory damages in the amount of $1,500,000.00 (one million, five hundred thousand dollars);

(ii)    on causes of action one, three, five, six, eight, and nine, awarding plaintiff his reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

(iii)   on causes of action two, four, and seven, awarding plaintiff general and special damages in amounts to be determined at trial to the fullest extent permitted under the Oregon Tort Claims Act;

(iv)    on all causes of action, awarding plaintiff his costs, disbursements,

Thomas Freedman, OSB No. 080697
838 SW 1st Ave Suite 400, Portland, OR  97204
503.295.6296 | thomas@prllaw.com

Page 13 of 14
Complaint

**Exhibit 2**
**Page 13 of 14**

prevailing party fees, enhanced prevailing party fees, reasonable attorney's fees, and statutory interest to the fullest extent permitted by applicable law;

(v)     plaintiff hereby gives notice of his intent to move the Court pursuant to ORS 31.725 to allow amendment to seek punitive damages to the fullest extent available under applicable law; and

(vi)     for such other and further relief as the Court may deem just, equitable and proper.

Dated: March 25, 2026

PEARL LAW LLC


By: *thomas freedman*
**Thomas Freedman**
OSB No. 080697
*Attorney for Plaintiff*
*Matthew O'Connell*

Thomas Freedman, OSB No. 080697
838 SW 1st Ave Suite 400, Portland, OR  97204
503.295.6296 | thomas@prllaw.com

Page 14 of 14
Complaint

**Exhibit 2
Page 14 of 14**